# IN THE COURT OF APPEALS OF IOWA

No. 14-0799
Filed April 22, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JASON DAVID NICHOLSON,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.


     Jason D. Nicholson appeals the sentence following his guilty plea to second-degree theft. **AFFIRMED.**


     Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Amy Beavers, County Attorney, and Lisa Schaffer, Assistant County Attorney, for appellee.


     Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Jason D. Nicholson appeals his sentence following a guilty plea to second-degree theft. Nicholson claims the district court erred when it sentenced him because it failed to strike the sentencing recommendation in the presentence investigation report (PSI) as the report contained inaccurate information. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a) and (e).

Nicholson was charged with second-degree theft and operating a motor vehicle without the owner's consent. Nicholson entered into a plea agreement with the State and pled guilty to second-degree theft. The State agreed to dismiss the operating a motor vehicle without the owner's consent charge and the parties would argue sentencing after a PSI was ordered.

The PSI recommended a five-year prison term, a minimum fine, and restitution. Claiming the PSI contained inaccuracies,[1] Nicholson filed written objections and moved to strike the PSI recommendation. The State objected to striking the entire recommendation and suggested rescheduling the sentencing hearing for the PSI to be corrected. The district court declined to strike the recommendation, but noted the inaccuracies in the PSI and stated: "I recognize that the presentence investigation had some inaccurate information and, hopefully, I've been able to glean from your testimony that you've presented by witnesses, as well as what your attorney says, a more accurate record of your

---

[1] The inaccuracies included: juvenile offenses with unclear dispositions, the omission of multiple offenses that did result in convictions, the fact Nicholson has custody of his two children, and the classification of Nicholson's crime as a "crime against a person" instead of a "property crime."

background than perhaps what the presentence investigation tells me." The court sentenced Nicholson to an indeterminate five-year term of imprisonment, a minimum fine, and ordered him to pay victim restitution of $1664.50.

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724.

In sentencing a defendant, the district court is directed to receive and examine:

> all pertinent information, including the presentence investigation report and victim impact statements, if any, the court shall consider the following sentencing options. The court shall determine which of them is authorized by law for the offense, and of the authorized sentences, which of them or which combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.

Iowa Code § 901.5 (2013).

Upon our review of the sentencing proceeding, we find the court did not rely on the inaccuracies in the PSI or the sentencing recommendation—the court relied on multiple relevant factors in crafting Nicholson's sentence. Therefore, we find the district court did not err in sentencing Nicholson and affirm.

**AFFIRMED.**